# STATE OF VERMONT

# ENVIRONMENTAL COURT

In re: Appeals of Rathburn, <u>et al.</u> }
}
} Docket Nos. 130-8-01 Vtec
} and 149-9-01 Vtec
}
}

## Decision and Order on Pending Motions

In 130-8-01 Vtec Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Hartford granting Appellee-Applicants Devon Mobile Communications and Charles and Susan Samsonow a conditional use permit to convert an existing windmill tower in the RL-5 zoning district to use for telecommunications antennas and to erect an equipment shelter within a 20' x 20' fenced area on the ground. In 149-9-01 Vtec Appellants appealed from a decision of the Planning Commission granting site plan approval for the equipment shelter at the site. Appellants are represented by Gerald R. Tarrant, Esq.; Appellee-Applicants are represented by Jon T. Anderson, Esq., and the Town is represented by Kimberlee S. Sturtevant, Esq.

In its February 12, 2002 decision, the Court ruled that Appellee-Applicants' proposal does not fall within the zoning use category of " essential services." Appellee-Applicants moved for reconsideration and filed a renewed motion for summary judgment on that point. Appellee-Applicants also argue that, if the Court continues to rule that the application does not qualify for approval under the ' essential services' category, that the Court should itself apply the Town' s new wireless communications facilities zoning ordinance (Section 3-18 of the Zoning Regulations, as amended on January 8, 2002, effective on January 29, 2002) to the application, rather than to remand for the ZBA to consider whether the proposal should qualify for a use variance under the old ordinance. Appellants also moved for reconsideration, arguing that a use variance would not be an appropriate remedy in a town in which the ordinance has been amended to allow wireless communications facilities.

<u>Appellee-Applicants' Motion for Reconsideration and Renewed Motion for Summary Judgment</u>

Appellee-Applicants' Motion for Reconsideration and Renewed Motion for Summary Judgment on the question of essential services is DENIED. The Court has thoroughly reviewed the parties' arguments and supplementary materials on this point and declines to change its February 12, 2002 ruling. The provision of wireless communications services by Appellee-Applicants does not fall within the use category of ' essential services' as that term is used in the former Hartford Zoning Regulations, for all of the reasons stated in the February 12, 2002 decision.

<u>Appellants' Motion for Reconsideration, and Next Procedural Step</u>

We must note that Appellee-Applicants have been free to apply under the new regulations since at least January 8, 2002. In fact, under 24 V.S.A. § 4443(d), as amended in 2001, the application could have been made and considered under the new ordinance as of the public notice for its first public hearing. It would not have been and is not now necessary for this Court to remand the present application for consideration under the new ordinance. In fact, the Court had inquired of Appellee-Applicants whether they wished to place the present appeal in inactive status while they applied under the new ordinance, but at that time they declined to do so. Accordingly, any delay in the processing of such an application between January 8, 2002 and the present is not attributable to the Court, to the Town, or to the pending litigation.

All that the Court has before it in the present appeal is Appellee-Applicants' application under the old ordinance. As discussed in the February 12, 2002 decision and order, that application would require the Court first to take evidence and then to find that the old ordinance effectively prohibited the provision of wireless communications facilities within the town. That finding cannot be made on summary judgment as material facts are in dispute; accordingly Appellants' Motion for Reconsideration on that point is also DENIED.

Please note that if the Court were able to make such a finding on the basis of the evidence, it then would have to remand for Appellee-Applicants to obtain a use variance from the ZBA, before the Court could proceed to consider the conditional use application under the old ordinance in this location, because the ZBA has not had the opportunity of ruling on that application either. Because of the delay inherent in that process, because of the uncertainty in the outcome, and because of the fact that the new ordinance allows Appellee-Applicants to apply for their project as a conditional use in the zoning district in which it is located, it appears to the Court to make sense for Appellee-Applicants simply to apply under the new ordinance.

However, Appellee-Applicants are entitled to proceed under the old ordinance if they wish to do so, either instead of or concurrently with an application to the ZBA under the new ordinance as a conditional use.

Accordingly, Appellee-Applicants shall inform the Court and the other parties, so that it is **<u>received</u>** on or before April 30, 2002, whether they wish to proceed under the old ordinance to present evidence on whether the old ordinance has effectively prohibited the provision of wireless communication services; whether they wish to apply for a conditional use permit to the ZBA under the new ordinance; and, if so, whether they wish to place the present appeal on inactive status during that application or whether they wish to conclude the present appeal in favor of the new application (and preserve their arguments on essential services for any future appeal to the Supreme Court). We will hold a telephone conference on May 2, 2002; the notice of that conference is enclosed.

Done at Barre, Vermont, this 16th day of April, 2002.

_____
Merideth Wright
Environmental Judge